UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| REBECCA WILSON (by and through Heatherlyn Bevard as Guardian ad Litem),<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF WEST SACRAMENTO; SERGIO ALVAREZ; West Sacramento Police Department Chief DAN DRUMMOND and DOES 1 through 30, inclusive,<br><br>    Defendants. | CIV. NO. 2:13-2550 WBS AC<br><br><u>MEMORANDUM AND ORDER RE: MOTION TO DISMISS</u> |

----oo0oo----

Plaintiff Rebecca Wilson, by and through her guardian ad litem, brought this civil rights action under 42 U.S.C. § 1983 against defendants Sergio Alvarez, West Sacramento Police Department Chief Dan Drummond, and the City of West Sacramento. Plaintiff alleges that on two occasions in 2012, Alvarez, while working on duty as a West Sacramento police officer, took plaintiff in his patrol car behind a shopping center on Jefferson

1

Boulevard in West Sacramento and required her to engage in non-consensual sexual acts with him.  (Compl. ¶¶ 17, 18.)  During the first incident, Alvarez allegedly arrested plaintiff, placed her in his patrol car, and then drove to the area behind the shopping center.  (Id. ¶ 16.)  The second incident was similar in that Alvarez allegedly ordered plaintiff to get in his patrol car and then drove with her to the same location, but he did not arrest plaintiff before ordering her into his patrol car.  (Id. ¶ 17.) Alvarez has since been criminally charged and convicted based on his sexual misconduct toward plaintiff and other women.  (Compl. ¶ 3; Pl.'s Opp'n at 5, n.4.)

Plaintiff asserts five claims in her Complaint: 1) a § 1983 claim against Alvarez for violation of her Fourth Amendment right; 2) a § 1983 claim against Alvarez for violation of her right to substantive due process; 3) a § 1983 claim against Alvarez for violation of her right to equal protection; 4) a § 1983 Monell claim against the City of West Sacramento and Chief Drummond; 5) a § 1983 supervisor liability claim against Chief Drummond based on his inadequate supervision; and 6) a § 1983 supervisor liability claim against Chief Drummond based on his failure to discipline. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the City of West Sacramento and Chief Drummond now move to dismiss the claims against them for failure to state a claim upon which relief can be granted.

On a motion to dismiss under Rule 12(b)(6), the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by

Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with a defendant's liability," it "stops short of the line between possibility and plausibility."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions . . . ."  Twombly, 550 U.S. at 555 (alteration in original) (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").[1]

---

[1] Generally, a court may not consider items outside the pleadings when deciding a motion to dismiss, but it may consider items of which it can take judicial notice.  Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).  Here, plaintiff requests that the court take judicial notice of a webpage on the City of West Sacramento Police Department website that indicates the population and size of the city and the number of officers and employees working for the department.  (Docket No. 18.)  It is not obvious that the court could properly take judicial notice of this information.  Compare, e.g., Ferguson v. Wells Fargo Bank, N.A., Civ. No. 2:12-2944 WBS GGH, 2013 WL 504709, at *3 (E.D.

A.   *Monell* Claim

A municipality can be liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 693 (1978). Since Iqbal, courts have repeatedly rejected conclusory Monell allegations that lack factual content from which one could plausibly infer Monell liability. See, e.g., Rodriguez v. City of Modesto, 535 Fed. App'x 643, 646 (9th Cir. 2013) (affirming district court's dismissal of Monell claim based only on conclusory allegations and lacking factual support); Via v. City of Fairfield, 833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011) (citing cases).

In her Complaint, plaintiff seeks to hold the City of West Sacramento liable based on 1) its "custom and/or practice of failing to properly assist in the pursuit or initiation of criminal proceedings and/or of taking appropriate disciplinary action against its officers who . . . committed Fourth and Fourteenth Amendment violations" and 2) its "custom and/or

---

Cal. Feb. 8, 2013) (expressing doubt about the ability to take judicial notice of information simply because it is on a government website because the information did not appear to be a public record or reflect an official act of the executive branch), with Brazill v. Cal. Northstate Coll. of Pharmacy, LLC, 2:12-1218 WBS GGH, 2012 WL 3204241, at *2 (E.D. Cal. Aug. 2, 2012) (taking judicial notice of information on an official government website and citing cases).  Even assuming judicial notice of the information on the webpage would be proper, the general statistical information on the webpage is not the type of factual support necessary to render plaintiff's claims plausible. The court will therefore deny plaintiff's request for judicial notice.

practice of delaying in their investigation of Fourth Amendment violations by its officers or in taking disciplinary action of such conduct and deliberately failing to advise victims of such conduct of the California tort claim requirements." (Compl. ¶¶ 31-32.) Plaintiff further alleges that there was "a systemic failure to investigate and discipline officers for claims related to Fourth and Fourteenth Amendment violations" and that defendants permitted retaliation against individuals who brought complaints against the department. (Id. ¶ 46.)

Absent from the Complaint are any factual allegations supporting these conclusory statements. For example, plaintiff does not allege that any policymakers within the police department had knowledge of Alvarez's misconduct or articulate how the department delayed in investigating or assisting in the criminal prosecution of officer misconduct. Although plaintiff alleges that she "attempted to complain" to three different officers about Alvarez's misconduct, (Compl. ¶¶ 20-21), she does not plausibly allege that any of those officers were final policymakers for the city or that there was a custom between the officers to cover up misconduct. Similarly, plaintiff does not provide any factual support for her conclusory allegation that defendants retaliated against individuals who brought complaints. Her allegations regarding the practice of not informing victims about California tort claim requirements also lack factual support and a theory linking the alleged practice to a plausible constitutional violation.

Accordingly, because the Complaint lacks sufficient factual allegations giving rise to a plausible theory of Monell

liability, the court must grant the City of West Sacramento and Chief Drummond's motion to dismiss plaintiff's fourth claim.[2]

B. Supervisor Liability Claims

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). The Ninth Circuit has stated that supervisors may be held liable under § 1983 under the following theories:

---

[2] Plaintiff's fourth claim is against Chief Drummond in his official capacity only. As the Supreme Court has explained,

> official-capacity suits, . . . "generally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.

Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell, 436 U.S. at 690, n.55).

Because the court will dismiss the fourth claim for failure to sufficiently allege a Monell claim, it need not address Chief Drummond's request that the Monell claim be dismissed as against him because he is a redundant defendant. See Fontana v. Alpine County, 750 F.Supp.2d 1148, 1154 (E.D. Cal. 2010) ("'[W]hen both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed.'" (quoting Luke v. Abbott, 954 F. Supp. 202, 203 (C.D. Cal. 1997) (emphasis added)).

> "(1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a 'reckless or callous indifference to the rights of others.'"[3]

Moss v. U.S. Secret Serv., 675 F.3d 1213, 1231 (9th Cir. 2012) (quoting al-Kidd v. Ashcroft, 580 F.3d 949, 965 (9th Cir. 2009), rev'd on other grounds, Ashcroft v. al-Kidd, 131 S. Ct. 2074 (2011)).

In her fifth claim, plaintiff alleges only that Alvarez's sexual misconduct was "done as a result of the practices, and protocols of Defendant Chief Drummond . . . which because of inadequate supervision allowed Officer Alvarez to prey on his victims." (Compl. ¶ 49.) In her sixth claim, plaintiff alleges only that Alvarez's actions "were the foreseeable result

---

[3] The Ninth Circuit's enumeration of cognizable theories of liability against a supervisor preceded Iqbal, which clarified that a supervisor could be held liable only "through the official's own individual actions," Iqbal, 556 U.S. at 676. The plaintiffs in Moss alleged § 1983 claims based on Fourth Amendment violations and the Ninth Circuit recognized that, because al-Kidd was decided pre-Iqbal, the "extent to which its supervisory liability framework is consistent with that decision and remains good law has been debated." Moss, 675 F.3d at 1231 n.6 (citing al-Kidd, 598 F.3d at 1141 (O'Scannlain, J., dissenting from denial of rehearing en banc); Bayer v. Monroe Cnty. Children & Youth Servs., 577 F.3d 186, 191 n.5 (3d Cir. 2009); Maldonado v. Fontanes, 568 F.3d 263, 274 n.7 (1st Cir. 2009)). The Ninth Circuit nonetheless declined "to consider that debate" because the plaintiffs did not "allege sufficient facts to meet the standard set forth in al-Kidd." Id. Similar to Moss, the court recognizes the uncertainty of the supervisor liability standard governing Fourth Amendment claims, but need not resolve the issue because plaintiff's allegations are factually insufficient under any of the potential theories.

of the failure to impose timely discipline or corrective action upon Officer Alvarez" and that Chief Drummond "reasonably should have known that" Alvarez's misconduct "would result from a failure to impose disciplinary or corrective measures to similar prior conduct." (Id. ¶¶ 54-55.)

Without question, these allegations are conclusory and lack the factual support that Iqbal requires. See, e.g., Henry A. v. Willden, 678 F.3d 991, 1004 (9th Cir. 2012) (finding allegations regarding supervisor liability insufficient because, inter alia, the Complaint failed to allege that the supervisors "had any personal knowledge of the specific constitutional violations that led to Plaintiffs' injuries"); Moss, 675 F.3d at 1231 ("[T]he protestors claim that 'the use of . . . excessive force against them' was 'the result of inadequate and improper training, supervision, instruction and discipline . . . .' However, this allegation is [] conclusory. The protestors allege no facts whatsoever about the officers' training or supervision, nor do they specify in what way any such training was deficient."); Hydrick v. Hunter, 669 F.3d 937, 941-42 (9th Cir. 2012) (contrasting the "bald" and "conclusory" factual allegations in plaintiffs' complaint with the detailed factual allegations in Starr).

Accordingly, because plaintiff's conclusory allegations do not sufficiently allege a claim against Chief Drummond, the court must grant his motion to dismiss plaintiff's fifth and sixth claims.[4]

---

[4] Having dismissed all of the claims against the City of West Sacramento and Chief Drummond, the court need not address

IT IS THEREFORE ORDERED that the City of West Sacramento and Chief Drummond's motion to dismiss plaintiff's fourth, fifth, and sixth claims be, and the same hereby is, GRANTED.

Plaintiff has twenty days from the date this Order is signed to file an amended complaint, if she can do so consistent with this Order.

Dated:  April 22, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

their argument that any claims against them based on a violation of plaintiff's right to substantive due process would fail because she was seized during both incidents.  See generally Graham v. Connor, 490 U.S. 386, 395 (1989) ("*All* claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach.").  Similarly, the court need not address whether plaintiff has sufficiently alleged or abandoned any claim against the City of West Sacramento or Chief Drummond based on a violation of the Equal Protection Clause.