**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA WILSON (by and through Heather Bevard as Guardian ad Litem),<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WEST SACRAMENTO, et. al.<br><br>Defendant. | Case No.  2:13-cv-02550 WBS AC<br>_____<br><br>**PLAINTIFF'S REQUEST FOR COURT INSPECTION OF INFORMATION FROM SOCIAL SECURITY ADMINISTRATION AND [PROPOSED] PROTECTIVE ORDER** |

On August 27, 2015, this Court ordered the Social Security Administration (SSA) to release information about the Plaintiff in the above-captioned case.

Plaintiff's attorney requests the Court to enter this Protective Order limiting the use of this information pursuant to 20 C.F.R. § 401.180(f).

### STIPULATED PROTECTIVE ORDER

**1. PURPOSE.**

This Court has ordered SSA to produce program information to assist the Court in determining Plaintiff's legal capacity.

The Privacy Act, the Social Security Act and regulations, and SSA policies strictly protect an individual's program information.  5 U.S.C. § 552a; 42 U.S.C. §§ 405, 902(a)(5), 1306, & 1320b-11; 20 C.F.R. 401.5 et. seq.  Program information means personal information and records collected and compiled by SSA in order to discharge its responsibilities under the Social Security Act and the Federal Coal Mine Health and Safety Act.  20 C.F.R. § 401.25.

1   Absent the subject individual's consent, SSA must not release the individual's program
2   information unless one of 12 exceptions of the Privacy Act, Social Security Act and regulations
3   is satisfied.  Under 5 U.S.C. § 552a(b)(11), a federal agency may release information in its
4   records pursuant to an order of a court of competent jurisdiction.  SSA's regulations place
5   additional restrictions on its disclosure of information pursuant to a court order.  Under 20 C.F.R.
6   § 401.180(f), SSA may disclose information to a court of competent jurisdiction, and

> will make [our] decision regarding disclosure by balancing the needs of a court
> while preserving the confidentiality of information.  For example, [SSA] may
> disclose information under a court order that restricts the use and redisclosure of
> the information by the participants in the proceeding; [SSA] may offer the
> information for inspection by the court *in camera* and under seal; or [SSA] may
> arrange for the court to exclude information identifying individuals from that
> portion of the proceedings that is available to the public.  [SSA] will make these
> determinations in accordance with § 401.140[1].

20 C.F.R. § 401.180(f).

In this case, SSA may comply with the Court's August 27, 2015 order, because the requested program records will be produced solely for the Court's in camera inspection under seal for the limited purpose of determining Plaintiff's legal capacity; the only other individual

---

[1] According to 20 C.F.R § 401.140, when no law specifically requiring or prohibiting disclosure applies to a question of whether to disclose information, we follow FOIA principles to resolve that question. We do this to insure uniform treatment in all situations. The FOIA principle which most often applies to SSA disclosure questions is whether the disclosure would result in a "clearly unwarranted invasion of personal privacy." To decide whether a disclosure would be a clearly unwarranted invasion of personal privacy we consider—
(a) The sensitivity of the information (e.g., whether individuals would suffer harm or embarrassment as a result of the disclosure);
(b) The public interest in the disclosure;
(c) The rights and expectations of individuals to have their personal information kept confidential;
(d) The public's interest in maintaining general standards of confidentiality of personal information; and
(e) The existence of safeguards against unauthorized redisclosure or use.

1  permitted to see any such program records will be Plaintiff's attorney; none of the information
2  will be used for any other purpose, or re-disclosed for any reason or in any manner; and within
3  sixty (60) days after the termination of this case, the Court and Plaintiff's attorney will destroy
4  the documents and any and all copies.

5  **2. INFORMATION SUBJECT TO THIS ORDER.**

6  This protective order covers any information and documents that SSA may release to the
7  Court pursuant to the Court's August 27, 2015 order.  The Protective Order extends to any
8  information copied or extracted from information produced to the Court from SSA, such as
9  copies, excerpts, summaries, or compilations.  It also includes testimony, conversations, or
10 presentations by parties or counsel to or in court or in other settings that might reveal information
11 subject to the Protective Order.  Collectively, this information is classified as "Protected
12 Information."

13 **3. DESIGNATING AND HANDLING CONFIDENTIAL INFORMATION.**

14 Protected Information shall be marked "CONFIDENTIAL" on each page that contains
15 Protected Information.

16 If the Plaintiff's counsel or the Court changes a document marked "CONFIDENTIAL"
17 by copying or extracting the information therefrom, the Plaintiff's counsel or the Court will mark
18 the secondary document as "CONFIDENTIAL."

19 An inadvertent failure to designate qualified information or items as "CONFIDENTIAL"
20 does not waive the right to secure protection under this Protective Order.

21 The Court and Plaintiff's counsel shall ensure that the Protected Information is secured.
22 The Court and Plaintiff's counsel shall encrypt any electronic transmission of the Protected
23 Information.  The Court and Plaintiff's counsel shall password-protect any electronic version of
24 the Protected Information.  The Court and Plaintiff's counsel shall store or transmit any paper
25 copies of the Protected Information in a locked case.
26 ///
27 ///
28

**4. DURATION.**

Even after the termination of this proceeding, the confidentiality obligations imposed by this Protective Order shall remain in effect.

**5. ACCESS TO AND USE OF PROTECTED INFORMATION.**

Except as provided herein, no person having access to Protected Information subject to this Protective Order shall disclose that information in a manner not specifically provided for by this Protective Order in the absence of a further order of the Court and in consultation with SSA's Office of Regional Chief Counsel in Region IX, San Francisco.

Any information SSA may release pursuant to 20 C.F.R. §§ 401.140, 401.180(f) shall be produced under seal and in camera for the Court's consideration solely to determine Plaintiff's legal capacity.  The Court may decide that disclosure of the information to Plaintiff's counsel is necessary to assist the Court in making this determination.

Protected Information shall only be made available for in camera inspection under seal.

Only the Court and Plaintiff's counsel may view and/or use Protected Information for the specific purpose of determining Plaintiff's legal capacity, and for no other purpose.

Only the Court and Plaintiff's counsel may make copies of Protected Information.

**6. UNAUTHORIZED DISCLOSURE.**

Protected Information must be stored in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.  If Protected Information is lost or compromised, the disclosing party shall notify SSA as soon as possible after discovery, ordinarily within 24 hours of discovery, so that SSA can meet its reporting requirements.  The disclosing party must use its best efforts to retrieve all copies of Protected Information and inform the person to whom unauthorized disclosure was made of the terms of this Protective Order.

**7. FILING PROTECTED INFORMATION.**

The Protected Information will not be filed in the public record.

///

///

1     **8. <u>FINAL DISPOSITION.</u>**

2     Unless otherwise ordered, within sixty days after the conclusion of this matter, which
3 shall be at the conclusion of proceedings before this Court or the exhaustion of any direct
4 appeals, the Court and Plaintiff's counsel shall destroy all copies of documents and portions
5 thereof containing the Protected Information .

7                                     Respectfully submitted,

9 Dated: October 1, 2015          <u>/s/ Stewart Katz</u>
                                           STEWART KATZ
                                            Attorneys for Plaintiff

1 **LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
2 555 University Avenue, Suite 270
3 Sacramento, California 95825
Telephone: (916) 444-5678
4

5 <center>**UNITED STATES DISTRICT COURT**</center>

6 <center>**EASTERN DISTRICT OF CALIFORNIA**</center>

7

8 | REBECCA WILSON (by and through Heather Bevard as Guardian ad Litem), | ) | Case No.  2:13-cv-02550 WBS AC |
|---|---|---|
| Plaintiff, | ) ) ) | **[~~PROPOSED~~] PROTECTIVE ORDER** |
| v. | ) ) | |
| CITY OF WEST SACRAMENTO, et. al. | ) ) ) | |
| Defendant. | ) ) ) | |

15

16     GOOD CAUSE HAVING BEEN SHOWN, the Court hereby enters Plaintiff's Proposed Protective Order.

17

18 DATED: October 6, 2015

19
_____
20 ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE
21

22

23

24

25

26

27

28