UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| REBECCA WILSON, by and through her guardian ad litem HEATHERLYN BEVARD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF WEST SACRAMENTO, SERGIO ALVAREZ, West Sacramento Police Department Chief DAN DRUMMOND, and DOES 1-30, inclusive,<br><br>　　　　Defendants. | CIV. NO. 2:13-02550 WBS AC<br><br>MEMORANDUM AND ORDER RE: SETTLEMENT OF INCOMPETENT'S CLAIMS |

----oo0oo----

Plaintiff Rebecca Wilson, by and through her mother and guardian ad litem Heatherlyn Bevard, brought this civil rights action under 42 U.S.C. § 1983 against defendants City of West Sacramento, former sworn West Sacramento Police Department Officer Sergio Alvarez, and West Sacramento Police Department Chief Dan Drummond based on Alvarez's use of his position of authority and public trust to molest, sexually assault, kidnap,

1

1  and terrorize Wilson.  Plaintiff alleges defendant Alvarez
2  arrested her in 2012 for a variety of offenses, handcuffed her,
3  took her behind a restaurant, and compelled her to engage in oral
4  sex.  One week later, defendant allegedly ordered plaintiff to
5  get into his patrol car, took her to the same location, and
6  forced her to engage in oral copulation and sodomized her.
7           In her First Amended Complaint, plaintiff asserts the
8  following claims: (1) a § 1983 claim against Alvarez for
9  violation of her Fourth Amendment right; (2) a § 1983 claim
10 against Alvarez for violation of her right to substantive due
11 process; (3) a § 1983 Monell claim against the City of West
12 Sacramento; (4) a § 1983 supervisor liability claim against Chief
13 Drummond based on his inadequate supervision; (5) a § 1983
14 supervisor liability claim against Chief Drummond based on his
15 failure to discipline; (6) a sexual battery claim against Alvarez
16 and the City of West Sacramento, Cal. Civ. Code § 1708.5; (7) a
17 Bane Act claim against Alvarez and the City of West Sacramento;
18 (8) battery; and (9) assault.  (First Am. Compl. ("FAC") (Docket
19 No. 24).)
20          On April 6, 2015, the parties reached an agreement to
21 settle the case for $450,000.00 after extensive negotiations and
22 a court ordered settlement conference.  (Docket No. 50.)
23 Plaintiff will receive a total of $300,000.00--$4,124.00 will be
24 paid directly to her and $295,976.00 to Pacific Life & Annuity
25 Services, Inc., which will fund periodic payments of $3,000.00
26 each month beginning on March 1, 2016, guaranteed for eight years
27 and eleven months with the last guaranteed payment on January 1,
28 2025.  Plaintiff's attorney will receive one-third of the net

2

settlement amount, $150,000.00, which includes $1,917.00 in costs and $148,083.00 in fees.  Plaintiff now moves for court approval of the settlement pursuant to Local Rule 202(b)(2).  (Req. to Approve Settlement (Docket No. 68).)

The court has a special duty, under Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors or incompetent. See Fed. R. Civ. P. 17(c)(2) ("The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action.").  Under Local Rule 202(b), no claim by or against a minor or incompetent person may be settled or compromised absent an order by the court approving the settlement or compromise.  E.D. Cal. Local R. 202(b).  The party moving for approval of the settlement must provide the court "such . . . information as may be required to enable the Court to determine the fairness of the settlement or compromise." Id. 202(b)(2).  In considering the fairness of a compromise of an incompetent person's claims, federal courts are generally guided by state law.  See, e.g., Beaty v. City of Fresno, Civ. No. 1:09-01684 LJO JLT, 2011 WL 127114, at * 1 (E.D. Cal. Jan. 14, 2011); see also Cal. Prob. Code §§ 2504, 3600-12; Cal. Civ. Proc. Code § 372; Cal. R. of Ct. 3.1384(a), 7.950, 7.951, 7.952.

The request for approval in this case adequately sets forth the information required under Local Rule 202(b). Moreover, after a lengthy discussion with the parties at the January 11, 2016 hearing, the court is satisfied that the settlement is fair and in the best interest of plaintiff.  While plaintiff's recovery is on the lower end of that received by

3

Alvarez's other five victims, plaintiff's case is factually distinguishable and the court is confident that counsel for both sides zealously engaged in settlement negotiations.  Unlike the victims who received settlements in the range of $500,000-$950,000, plaintiff was a long-time drug user, there was concern she would not appear at trial, she did not fully respond to written discovery requests, she had an admissible criminal record, and she allegedly admitted she initiated the discussion of sexual activity with defendant Alvarez and did not feel that a crime was committed by defendant Alvarez.  In addition, the Yolo County District Attorney did not list plaintiff as a victim in the criminal case against defendant Alvarez.  As a result, unlike some of the other victim-plaintiffs, plaintiff could not have relied on defendant Alvarez's conviction in the criminal case but rather would have had to prove her civil case anew.

Lastly, it would be difficult if not impossible to collect any judgment against Alvarez himself inasmuch as he appears to be without assets and will be serving the rest of his life in prison.  Because plaintiff had scant evidence to support her Monell claim against the City of West Sacramento her probability of success on this claim at trial was low, and it has represented to the court that there is virtually no likelihood that the City would pay any personal judgment against Alvarez.

The settlement agreement was also approved by plaintiff's guardian ad litem.  The approval of the guardian ad litem is of particular importance in this case because the court previously denied plaintiff's request for approval of the settlement due to plaintiff's contestation of the appointment of

1  her guardian ad litem.  (Docket No. 55.)  The court referred the
2  issue to the Magistrate Judge, who determined that the
3  appointment of the guardian ad litem needed to remain in effect
4  as plaintiff did not have the ability to assist counsel in her
5  case.  (Docket No. 67.)  It is only now, with the agreement of
6  the guardian ad litem, that the court can approve the settlement.
7          Having reviewed plaintiff's request for approval and
8  the proposed settlement, the court concludes that the proposed
9  settlement and plan for distribution are fair and reasonable.
10         IT IS THEREFORE ORDERED that plaintiff's motion to
11 approve the settlement of her claims be, and the same hereby is,
12 GRANTED.
13 Dated:  January 14, 2016         /s/ William B. Shubb
                                    WILLIAM B. SHUBB
14                                  UNITED STATES DISTRICT JUDGE